UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAYTE RENDON, <br><br> Plaintiff, <br><br> v. <br><br> HBLC, INC., STEVEN J. FINK & ASSOCIATES, P.C., ABC ACCOUNTS CORP., and LEONARD SMITH, <br><br> Defendants. | No. 17 CV 2386 <br><br> Judge Manish S. Shah |

## ORDER

Defendants ABC Accounts Corp. and Leonard Smith's motion to dismiss [12] is denied. Defendants shall answer the complaint by November 15, 2017 and the parties shall file a joint status report with a proposal for a discovery schedule by November 15, 2017.  A status hearing is set for November 21, 2017, at 9:30 a.m.

## STATEMENT

Mayte Rendon defaulted on a consumer debt owed to Kahuna Payments. [1] ¶¶ 13–14.[1] HBLC, Inc., bought the debt and hired attorney Steven Fink to collect the debt from Rendon. *Id.* ¶ 15. Fink, on behalf of HBLC, filed a lawsuit against Rendon. *Id.* ¶ 17. Fink hired ABC Accounts Corp. to support efforts to collect the debt, and those efforts included executing an affidavit of service. *Id.* ¶¶ 18–19. In that affidavit, ABC agent Leonard Smith stated under oath that he served Rendon with the complaint and summons by serving her roommate (described in the affidavit as "a person of the family") at Rendon's usual place of abode. *Id.* ¶¶ 19–20; [1-1] at 23. But Rendon had no roommate and lived with her husband and children—no one in the household was served as the affidavit claimed. [1] ¶¶ 21–22. No roommate was served at all. *Id.* ¶ 34. The affidavit of service was filed with the court and the complaint and summons were mailed to Rendon. *Id.* ¶¶ 23–24. Based on the false affidavit of service, a default judgment was entered against Rendon, but she moved to quash service. *Id.* ¶¶ 32, 72. The default judgment was vacated and the case

---

[1] Bracketed numbers refer to entries on the district court docket. The facts alleged in the complaint are assumed to be true, but legal conclusions and conclusory allegations are not. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

dismissed for want of prosecution. *Id.* ¶¶ 73–75. The reasonable inference, drawn in favor of plaintiff, is that Smith knowingly lied in the affidavit. He never served anyone in the household, and ABC Accounts and Smith submitted the false affidavit to the court as part of HBLC and Fink's efforts to collect the debt from Rendon.

Rendon filed this lawsuit against defendants, bringing claims under the Fair Debt Collection Practices Act, the Illinois Consumer Fraud Act, the Illinois Collection Agency Act, and for common-law fraud. ABC Accounts and Smith move to dismiss. Fed. R. Civ. P. 12(b)(1), (6).

Jurisdiction is a threshold issue, and defendants raise two jurisdictional arguments. First, under the *Rooker-Feldman* doctrine, federal courts (other than the United States Supreme Court) cannot review state-court judgments and should dismiss cases where plaintiffs complain of injuries caused by state-court judgments. *See Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). Rendon's injuries here are traced back to state-court litigation, but not to a state-court judgment, and Rendon was not a "state-court loser[ ]." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The default judgment was vacated and the case dismissed—Rendon won. Rendon was injured not by a final judgment, but by defendants' efforts to use false statements to compel payment. This is not like *Harold* where no injury occurred until a judgment was entered against the plaintiff and the misrepresentations were about the merits of the underlying suit. *See id.* at 886. Though to the extent Rendon complains about the short-lived entry of the default judgment, see [1] ¶ 87, this court cannot review the propriety of that action. Most of the FDCPA claim, however, does not call for review of a state-court judgment and is not dependent on, or interwoven with, a state-court judgment. *Rooker-Feldman* does not block jurisdiction.

Next, defendants say there is no jurisdiction because the FDCPA is "not an enforcement mechanism for matters governed elsewhere by state and federal law." *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 875 (7th Cir. 2015). This isn't an argument about jurisdiction—the power of a court to hear a dispute—it's an argument that the FDCPA does not apply. In other words, the argument is that the complaint does not state a claim under the FDCPA. *See id.* at 878 (affirming summary judgment on the merits, not dismissing the case for lack of federal jurisdiction). The prohibition on unfair and unconscionable practices, 15 U.S.C. § 1692f, does not provide a remedy for gripes about mechanisms or procedures imposed by state law. *See id.* at 876 (noting that plaintiff's real gripe was with state-court deadlines). But that's not what's alleged here. The gist of the complaint is that defendants lied in an affidavit submitted to a state court as part of an effort to collect a debt. False or deceptive conduct in state-court litigation can be actionable under 15 U.S.C. § 1692e. *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016). I reject defendants' "jurisdictional" argument.

Defendants raise two affirmative defenses, the statute of limitations and claim or issue preclusion, in their motion to dismiss. Ordinarily, district courts should not dismiss a complaint based on an affirmative defense. *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017). But when it is clear from the face of the complaint that the plaintiff's claims are barred as a matter of law, dismissal is appropriate. *Id.* The limitations period for FDCPA claims is one year. 15 U.S.C. § 1692k(d). Rendon filed this case on March 29, 2017. Fink filed the state-court suit against Rendon on November 30, 2015. [1] ¶ 17. But the alleged FDCPA violation was not the filing of the state-court suit; the false affidavit, executed in April 2016, was the violation, and that occurred within one year of this complaint. *Id.* ¶ 23. Moreover, Rendon raises a colorable argument for equitable tolling. The complaint alleges that Rendon was shocked to learn of the default judgment, and promptly acted to quash service. The complaint also alleges that defendants did not mail the summons and complaint to Rendon until April 2016—within one year of this lawsuit. *Id.* ¶ 24. The allegations of the complaint, viewed in plaintiff's favor, do not conclusively establish the defense of the statute of limitations. Defendants may assert the defense after some factual development, but dismissal at this early stage is not appropriate.

Neither claim nor issue preclusion is established by the complaint either. A dismissal for want of prosecution under Federal Rule of Civil Procedure 41(b) is an adjudication on the merits, but under Illinois law, a plaintiff has one year to re-file. *See* 735 ILCS 5/13-217 (West 1994);[2] *BankFinancial, FSB v. Tandon*, 2013 IL App (1st) 113152, ¶ 22 (1st Dist. 2013). The state-court decision is not yet final because the dismissal occurred in January 2017. [1] ¶ 75. Moreover, this complaint does not seek to re-litigate some issue or claim that was litigated to conclusion in state court. Rendon is not seeking to re-litigate service of process, she is accusing defendants of lying, and whether that issue was resolved in state court is not apparent from the complaint. At most, it appears that the motion to quash service was granted, so defendants would be prohibited from arguing that they properly served Rendon. Since the state-court case was dismissed for want of prosecution, it is not clear that the issue of service was essential to the judgment. *See Caudill Seed & Warehouse Co. v. Rose*, 868 F.3d 558, 560 (7th Cir. 2017) (noting that preclusion only applies to determinations that were essential to the judgment).

On the merits, defendants make several arguments. First, they say that they are not debt collectors under the FDCPA because debt collectors do not include any

---

[2] The 1995 amendments to Public Act 98-7 eliminated the one-year rule, but the Illinois Supreme Court found the amendments unconstitutional in their entirety. *See People v. Kruger*, 2015 IL App (4th) 131080 (4th Dist. 2015). The 1994 version of § 5/13-217, with the one-year rule, remains in effect.

3

person serving or attempting to serve legal process in connection with the judicial enforcement of a debt. *See* 15 U.S.C. § 1692a(6)(D). But the factual allegations of the complaint sufficiently allege that these defendants lied in an affidavit and did not serve process at all. [1] ¶¶ 19–25, 34. This conduct is enough to plead that defendants do not qualify for the process-server exception. *See Sneed v. Winston Honore Holdings, LLC*, No. 16 C 2564, 2017 WL 467686, at *2 (N.D. Ill. Feb. 3, 2017). Defendants are not debt collectors if all they did was attempt to serve legal process, but the complaint alleges more. If the facts belie the allegations, defendants may revisit the issue.

Defendants argue that the complaint fails to state Illinois Consumer Fraud Act and common-law fraud claims because no intentionally deceptive conduct is alleged. I disagree. The complaint describes, with sufficient particularity under Rule 9(b), the who, what, when, where, and how of the fraud. ABC Accounts, through Smith, lied in an affidavit executed in April 2016 and filed with the court, and caused plaintiff to be damaged by having to vacate a default judgment and challenge efforts to garnish her wages. This was not simply filing a form containing truthful information, and knowledge and intent to deceive can be inferred from the false statement. Perhaps a process server does not have personal knowledge of a person's usual place of abode, but that does not give the process server license to lie about who was served, or to lie about whether the person served was a member of the household. At this stage of the case, the process server is responsible for all of the statements he made in the affidavit, and if they were knowingly false, they may support a claim of fraud. The complaint's allegation that Fink hired ABC Accounts to support the debt-collection efforts, [1] ¶ 18, is sufficient to allege that defendants were engaged in trade or commerce when they executed and used the false affidavit of service. The fraud claims are adequately stated.

Finally, defendants argue that they are not subject to the Illinois Collection Agency Act, because they are exempt under 225 ILCS 425/2.03(11). That exemption applies to "[a]ny person or business under contract with a creditor to notify the creditor's debtors of a debt using only the creditor's name." The complaint alleges that Fink hired ABC Accounts to support debt-collection efforts and that Fink was not the creditor. [1] ¶¶ 15–16, 18. The complaint does not say that ABC Accounts was only supposed to notify a debtor of a debt using only the creditor's name. The allegations do not demonstrate that the exemption applies, and so dismissal at the pleading stage is not appropriate. Rendon did not respond to defendants' argument that she has not satisfied administrative requirements under 225 ILCS 425/9.22. If such requirements apply, they would amount to an exhaustion defense, and a complaint does not have to plead around such a defense. *See Jones v. Bock*, 549 U.S. 199, 212 (2007) (the usual practice under the Federal Rules is to regard exhaustion as an affirmative defense).

4

Defendants' motion to dismiss is denied.

ENTER:

Date:   October 25, 2017

/s/ Manish S. Shah

Manish S. Shah
U.S. District Judge